IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENDA McSHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:08cv543-MEF |
| | ) |
| DYNAMIC EDUCATIONAL | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this Title VII employment discrimination action, Plaintiff Brenda McShan ("McShan" or "Plaintiff") alleges in her Complaint, as amended, (Docs. #1, 5), that Dynamic Educational Systems, Inc., ("Defendant") discriminated against her in terminating her employment in December of 2007. Plaintiff seeks the recovery of "back pay" among other damages. This matter is before the Court on Defendant's Motion to Dismiss (Doc. #9).

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the Court GRANT the Defendant's Motion to Dismiss (Doc. #9), and DISMISS Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted.

**I. DISCUSSION**

Plaintiff, an African-American female, asserts she was discriminated against when Defendant terminated her employment after she was involved in an altercation with another African-American female employee. Plaintiff first brought her claim before the Equal Employment Opportunity Commission ("EEOC"), which rejected the claim in June of 2008

because Plaintiff failed to state a claim for relief under the statutes enforced by the EEOC. On July 9, 2008, Plaintiff filed the instant suit under Title VII of the Civil Rights Act of 1964. Complaint (Doc. #1 at 2).[1] Defendant discriminated against her, Plaintiff contends, because "[i]t is standard procedure for an investigation to be conducted whenever an incident/altercation occurs. There was no investigation conducted regarding this other employee." *Id.* Nowhere in her original Complaint did Plaintiff specifically allege that she was discriminated against on the basis of her race, color, sex, religion, or national origin. Based on this apparent deficiency in Plaintiff's complaint, the Court ordered her to amend the complaint such that it clearly stated the acts of wrongdoing attributed to Defendant, as well as "the federal statute or constitutional provision that was violated" by Defendant. Order (Doc. # 4) at 2.

On July 28, 2008, Plaintiff filed her Amended Complaint (Doc. #5). The Amended Complaint presents only a narrative of the events leading to Plaintiff's termination and the subsequent denial of her application for unemployment compensation. Notably, once again Plaintiff failed to allege that she suffered discrimination by her employer due to animus toward any protected characteristic, and she did not cite to any federal statute or

---

[1] Plaintiff submitted a Title VII form complaint. *See* Complaint (Doc. #1). On the part of the form where Plaintiff was asked to indicate that "Defendant's conduct is discriminatory with respect to the following" protected characteristics, Plaintiff did not check any of the boxes corresponding with race, religion, sex, or national origin. Instead, Plaintiff checked "Other" and stated "[m]y employment was terminated, but the other staff member was not terminated."

constitutional provision providing a basis for her suit.

On August 18, 2008, Defendant filed a Motion to Dismiss (Doc. #9), seeking dismissal due to, *inter alia*, Plaintiff's purported failure to state a claim upon which relief may be granted. This Court entered an Order (Doc. #10) instructing Plaintiff to show cause why the motion should not be granted. On September 8, 2008, Plaintiff filed her Response (Doc. #12) to the show cause order, which simply reiterates the general allegations of the Amended Complaint and presents additional allegations about the hardships wrought on her and her family due to the denial of her application for unemployment compensation.

The plaintiff in an employment discrimination lawsuit "must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). *See also Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999) ("In order to prove intentional discrimination under this section, a plaintiff must establish (1) the employer's discriminatory animus towards the employee based on the employee's protected characteristic; (2) a discharge or other significant change in the terms or conditions of employment; and (3) a causal link between the two."). Conclusory allegations of unfair treatment and resulting hardships do not suffice to state a claim of employment discrimination. *See McCray v. Potter*, 263 F. App'x 771, 773 (11th Cir. 2008) (*citing Gilchrist v. Bolger*, 733 F.2d 1551, 1553-54 (11th Cir. 1984) ("Title VII does not encompass

3

every tribulation a worker may experience in the workplace, but instead only proscribes employment discrimination based on race, color, religion, sex, or national origin.").

Even construed liberally, Plaintiff has "failed to state a valid Title VII claim because she did not allege that any discriminatory act was taken because of her race, color, religion, sex, or national origin." *McCray*, 263 F. App'x at 773.  She only alleges that she was terminated after an insufficient investigation into events precipitating the termination, and that a co-worker, allegedly of the same race and sex as Plaintiff, was not terminated despite her involvement in the same events.  Despite being instructed to do so on the form Complaint, Plaintiff failed to identify the race of the two persons whom she alleges discriminated against her.  It is also telling that Plaintiff "selected 'other' as her category of discrimination" on her form complaint, but failed to provide an explanation of what protected characteristic animated her employer to discriminate against her if not race, color, sex, religion, or national origin.  *See id.*  Plaintiff's general grievance about her alleged unfair treatment relative to that of her co-participant in the altercation leading to Plaintiff's firing does not suffice as a cognizable allegation of employment discrimination.  "Put simply, Title VII does not protect [Plaintiff] from the kinds of discrimination she alleged." *Id.*  Thus, Plaintiff has failed to state a claim of employment discrimination for which relief can be granted.  Accordingly, Defendant's Motion to Dismiss (Doc. #9) is due to be GRANTED.

## II.   CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the Magistrate

Judge that Defendant's Motion to Dismiss (Doc. #9) be GRANTED, and that Plaintiff's Complaint, as amended, be DISMISSED without prejudice because Plaintiff has failed to state a claim for which relief can be granted.[2]  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before October 14, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[2] Within its prayer for relief, Defendant requests that the Court "dismiss Plaintiff's Complaint in its entirety with prejudice and award [Defendant] its costs and attorney's fees." (Doc. #9 at 3).  The Court does not construe this as a proper motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2), which governs the timing and content of such requests.  Defendant has not explained why it may be entitled to attorney's fees, or even specified the amount of attorney's fees for which it seeks recoupment.  While attorney's fees may be awarded to a prevailing defendant in a Title VII case, *see Quintana v. Jenne*, 414 F.3d 1306, 1309-10 (11th Cir. 2005), the defendant is required to do more than simply ask for such extraordinary relief almost as an afterthought.  The Court advises Defendant that, in order for the Court to deem it in compliance with Rule 54, Defendant will be required to submit a memorandum demonstrating its entitlement to such relief under prevailing law, as well as provide the Court with an itemized list of services rendered, the date such services were performed, the name of the attorney or paralegal who performed such services and their rate per hour, and the total amount of attorney's fees requested.  The itemized list must be supported by affidavits or statutory declarations of persons with actual knowledge of the facts contained within the list.

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this 1st day of October, 2008.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE